IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LORRAINE COOK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACT. NO.  3:14cv296-WKW |
| ) | (WO) |
| THE HUGHSTON CLINIC, P.C., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the court is the defendants' motion to strike Plaintiff's Rule 26(a)(2)(B) Expert Reports (doc. # 21).  The court held oral arguments on November 7, 2014.

The proposed change (italicized below) to FED R. CIV. P. 1 provides that the rules "should be construed, and administered, *and employed by the court and the parties* to secure the just, speedy, and inexpensive determination of every action and proceeding."  The committee comments note that this change emphasized that parties share the responsibility to employ the rules in a way which secures the "just, speedy, and inexpensive determination of every action . . ."  It is in this spirit that the court addresses the resolution of the dispute currently before it.

The defendants move the court to strike the plaintiff's FED.R.CIV.P. 26(a)(2)(B) expert reports as noncompliant with the rule.  The plaintiff concedes that her expert witness reports do not comply with the Rule; however, she seeks an opportunity to provide reports that comply with the Rule.  The court has reviewed the plaintiff's FED.R.CIV.P. 26(a)(2)(B)

expert witness reports, and finds the plaintiff's concession accurate; the reports in no way comply with FED.R.CIV.P. 26(a)(2)(B).

The court has set a new trial date for July 2015. There is thus ample opportunity for the plaintiff to comply with the rule and for the defendants to both depose and secure appropriate expert assistance in this case. Consequently, the court concludes that by providing new deadlines for the conduct of expert discovery the court can ameliorate any perceived harm to the defendants. Thus, the court will require the plaintiff to provide supplemental reports from her experts that *fully comply* with FED.R.CIV.P. 26(a)(2)(B). Failure of the supplemental reports to comply strictly with FED.R.CIV.P. 26(a)(2)(B) will result in the court's striking the expert witnesses' reports.

Finally, as a direct result of the plaintiff's utter failure to comply with FED.R.CIV.P. 26(a)(2)(B), the court concludes that an award of attorney's fees for filing the motion to strike is the appropriate sanction in this matter. *See* FED.R.CIV.P. 37(c)(1). Accordingly, upon consideration of the motion, for the reasons as stated in open court, and for good cause, it is

ORDERED the defendants' motion to strike (doc. # 21) be and is hereby DENIED. However, it is further

ORDERED as follows:

1. That, on or before **December 15, 2014**, the plaintiff shall provide supplemental expert witness reports that *fully comply* with FED.R.CIV.P. 26(a)(2)(B). The plaintiff is

limited to the three experts she has already provided insufficient reports from, and her three expert witnesses are limited to the opinions and substance of their opinions offered in their initial reports. In other words, the experts shall not be allowed to expand upon the scope of their opinions that focused on the misplacement of a screw or screws in the plaintiff and what that caused.

  2. That the defendants shall have until **January 31, 2015** to take the depositions of the plaintiff's expert witnesses.

  3. That the FED.R.CIV.P. 26(a)(2)(B) reports of any experts retained by the defendants shall be provided to the plaintiff on or before **March 1, 2015.**

  4. That the plaintiff shall have until **March 31, 2015** to take the depositions of the defendants' expert witnesses.

  5. The dispositive motion deadline be and is hereby EXTENDED from March 6, 2015 to **April 6, 2015**.

  6. That plaintiff's counsel, Thomas Edward Dutton, shall pay all of defense counsel's reasonable costs and expenses, including attorney's fees, related to the motion to strike. Plaintiff's counsel is also directed to pay any expenses associated with changing the presently set depositions to a later date.

  Done this 17th day of November, 2014.

              /s/Charles S. Coody
              CHARLES S. COODY
              UNITED STATES MAGISTRATE JUDGE