IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LORRAINE COOK, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACT. NO. 3:14cv296-WKW |
| ) | (WO) |
| THE HUGHSTON CLINIC, P.C., *et al.*, ) | |
| ) | |
|    Defendants. ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the court is the defendants' motion to strike Plaintiff's Experts Reports (doc. # 29) filed on November 17, 2014. The court held oral arguments on December 11, 2014.

The plaintiff identified her treating health care providers, Wendy Hiedel and Dr. Donald Lakatosh, in her initial disclosures on September 24, 2014. On November 13, 2014, long after the time to designate expert witnesses, the plaintiff attempted to expand her cadre of experts by naming Nurse Niedel and Dr. Lakatosh as experts pursuant to FED.R.CIV.P. 702. The defendants object to these witnesses testifying as experts. The defendants' objection is due to be sustained based on the lateness of the identification of these witnesses as experts. Consequently, the court will grant the defendants' motion to strike (doc. # 29) to the extent that Nurse Hiedel and Dr. Lakatosh are prohibited from testifying as expert witnesses under the provision of FED.R.CIV.P. 702.

However, because the witnesses are the plaintiff's treating health care providers, they

are not precluded from testifying as fact witnesses pursuant to FED. R. EVID. 701. *See e.g., Wilson v. Taser Int'l, Inc.*, 303 Fed. Appx. 708 (11th Cir. 2008); *Chapman v. Proctor & Gamble Distributing, LLC*, 766 F.3d 1296, 1316 (11th Cir. 2014). Of course, with respect to treating physicians the distinction between a fact and expert witness may not always be clear.

> The testimony of treating physicians presents special evidentiary problems that require great care and circumspection by the trial court. Much of the testimony proffered by treating physicians is an account of their experience in the course of providing care to their patients. Often, however, their proffered testimony can go beyond that sphere and purport to provide explanations of scientific and technical information not grounded in their own observations and technical experience. When such a situation presents itself, the trial court must determine whether testimony not grounded in the physician's own experience meets the standard for admission as expert testimony. As we pointed out in *United States v. Henderson,* 409 F.3d 1293 (11th Cir.2005), distinguishing between lay and expert testimony is an important one; arriving at an appropriate conclusion requires that trial courts be vigilant in ensuring that the reliability requirements set forth in Rule 702 not " 'be evaded through the simple expedient of proffering an expert in lay witness clothing.' " *Id.* at 1300 (quoting FED.R.EVID. 701 advisory committee's note to the 2000 amendment).

*Williams v. Mast Biosurgery USA, Inc.*, 644 F.3d 1312, 1316-17 (11th Cir. 2011) (footnote omitted).

Finally, because the defendants were again required to file a motion to strike experts as a direct result of the plaintiff's failure to comply with FED.R.CIV.P. 26(a)(2)(B) regarding experts, the court concludes that an award of attorney's fees for filing the motion to strike is the appropriate sanction in this matter. *See* FED.R.CIV.P. 37(c)(1). Accordingly, upon consideration of the motion, for the reasons as stated in open court, and for good cause, it is

ORDERED the defendants' motion to strike (doc. # 29) be and is hereby GRANTED to the extent that Nurse Hiedel and Dr. Lakatosh are prohibited from testifying as expert witnesses pursuant to FED.R.CIV.P. 702 at the trial of this matter.  The parties are DIRECTED to fully disclose and discuss with Chief United States District Judge  W. Keith Watkins, at the pretrial conference of this case, the evidentiary issues surrounding the testimony of Nurse Hiedel and Dr. Lakatosh at trial.  It is further

ORDERED that plaintiff's counsel, Thomas Edward Dutton, shall pay to the defendant the  reasonable costs and expenses, including attorney's fees, related to the motion to strike (doc. # 29).

Done this 23rd day of December, 2014.

    /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE