# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | | |
|---|---|---|
| LORRAINE COOK | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:14cv296-WKW-CSC |
| | ) | |
| THE HUGHSTON CLINIC, P.C., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this matter was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 83, filed July 7, 2015). Pending before the Court are Defendants' *Motion to Dismiss* (Doc. 78, filed June 29, 2015), Plaintiff's *Pro Se Objection to Settlement Agreement* (Doc. 79, filed June 26, 2015), Plaintiff counsel's *Motion to Withdraw as Attorney* (Doc. 81, filed July 6, 2015), Plaintiff counsel's *Supplemental Motion to Withdraw as Attorney* (Doc. 82, filed July 7, 2015), Plaintiff's *Response* (Doc. 84, filed July 7, 2015), Defendants' *Response* (Doc. 86, filed July 10, 2015), and Plaintiff's *Reply* (Doc. 87, filed July 15, 2015). The Court held oral argument on the motions on July 28, 2015. *See* Doc. 90. The Court has carefully reviewed the motions, the briefs filed in support of and in opposition to the motions, and the supporting and opposing evidentiary materials. For good cause, it is the RECOMMENDATION of the Magistrate Judge that the Plaintiff's Pro Se Objection

(Doc. 79) be OVERRULED, Defendants' Motion (Doc. 78) be DENIED as moot, Plaintiff's Motion (Docs. 81) be GRANTED, and that there was a valid and binding settlement agreement executed on May 1, 2015 that should be enforced.

## I. JURISDICTION

The district court has diversity jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1332. The parties do not contest personal jurisdiction or venue, and there are adequate allegations to support both. Pursuant to 28 U.S.C. § 636(b)(1) this matter was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 83).

## II. STANDARD OF REVIEW

This Court has the power to summarily enforce a settlement agreement entered into by litigants while the litigation is pending before the Court. *Massachusetts Cas. Ins. Co. v. Forman*, 469 F.2d 259, 260 (5th Cir. 1972) (per curiam).[1] When material facts concerning the existence or enforceability of a settlement agreement are in dispute, however, the court should hold a plenary hearing to determine the enforceability of the settlement rather than summarily enforcing the settlement agreement. *Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994); *Pearson v. Ecological Science Corp.*, 522 F.2d 171 (5th Cir.1975); *see also Thompson v. D.C. America, Inc.*, 951 F.Supp. 192, 194 (M.D. Ala. 1996) (DeMent, J.).

---

[1] In *Bonner v. City of Prichard, Ala.,* 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

"Principals governing general contract law apply to interpret settlement agreements."  *Resnick v. Uccello Immobilien GMBH, Inc.*, 227 F.3d 1347, 1350 (11th Cir. 2000). Even though this case seeks redress under federal statutes, state contract law governs the validity of the mediated agreement between the parties to this action. *See id.*; *Hayes v. Nat'l Serv. Indus.*, 196 F.3d 1252, 1253 (11th Cir. 1999); *Schwartz v. Florida Bd. of Regents*, 807 F.2d 901, 905 (11th Cir. 1987).

Under Alabama law, valid settlement agreements are as binding on the parties as any other contract.  *Billy Barnes Enters., Inc. v. Williams*, 982 So.2d 494, 498 (Ala. 2007).  However, settlement agreements may be reopened in the case of fraud, accident, mistake or duress.  *Id.* at 498-99 (fraud, accident, or mistake); *Jardine v. Jardine*, 918 So.2d 127 (Ala. Civ. App. 2005) (duress).  For purposes of defending against putative contracts or settlement agreements in Alabama, "[d]uress is defined as subjecting a person to improper pressure which overcomes his will and coerces him to comply with demands to which he would not yield if acting as a free agent."  *E.g. BSI Rentals, Inc. v. Wendt*, 893 So.2d 1184, 1189 (Ala. Civ. App. 2004); *Head v. Gadsden Civil Serv. Bd.*, 389 So.2d 516, 519 (Ala. Civ. App. 1980).

### III. BACKGROUND

The underlying facts of the instant personal injury action are not at issue with regard to the pending motions.  The issues before this Court, instead, stem from a mediation conference that was held before a private mediator on May 1, 2015.  On May 1, 2015, the parties met with a private mediator in an attempt to reach a potential

settlement in the case. Plaintiff Lorraine Cook ("Cook" or "Plaintiff"), her husband, her counsel, an insurance representative for Defendants, and Defendants' counsel were present at the mediation. The mediation concluded after the parties reached a settlement agreement that was put in writing and signed by Plaintiff, two attorneys for the Plaintiff, two attorneys for the Defendant, and the mediator; six (6) signatures in total.

The parties notified the Court that they had reached a settlement, and as a result the Court ordered the parties to submit a joint stipulation of dismissal. *See* Doc. 75. The day before the deadline to file the joint stipulation, Plaintiff filed a motion requesting that the time to file the joint stipulation be extended; the Court granted Plaintiff's motion. However, to date, a joint stipulation of dismissal has not been filed. As a result, Defendants filed the pending motion to dismiss on June 29, 2015. *See* Doc. 78. The following day, June 30, 2015, the Court received a letter from Cook stating her dissatisfaction with her counsel's services, and that she felt she was forced into signing the settlement agreement and that she no longer wishes to abide by the settlement agreement. *See* Doc. 79. Subsequently, Plaintiff's counsel filed a motion to withdraw as attorney citing Cook's dissatisfaction as set forth in her letter as their grounds. *See* Docs. 81-82. Cook does not oppose the motion to withdraw, and Defendants have stated that they do not oppose the motion so long as limitations put in place as the result of sanctions previously entered carry forward after new counsel is secured. *See* Docs. 82, 86.

## IV. DISCUSSION AND ANALYSIS

### A.    Settlement Agreement and Motion to Dismiss

Although the case is before the Court on Defendants' *Motion to Dismiss* (Doc. 78)[2] due to Plaintiff's failure to honor the settlement agreement and comply with the Court's order to submit their joint stipulation for dismissal, this Court finds that the more prudent course of action is to determine whether there is a valid and binding settlement agreement entered into prior to any subsequent motions being filed.[3]  On July 28, 2015, the Court held a plenary hearing to determine the enforceability of the settlement agreement and resolve the pending motions.  *See Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994) ("'Where material facts concerning the *existence* or *terms* of an agreement to settle are in dispute,' or where there is a material dispute about the authority of an attorney to enter a settlement agreement on behalf of his client, the parties must be allowed an evidentiary hearing.") (citations omitted) (emphasis in original).

During the hearing, Cook testified that she understood that the purpose of the mediation conference was to "come up with an agreement on a settlement one way or the other."  Cook also testified that she had never participated in mediation before, never been in a courtroom, and never had a reason to hire an attorney until this case, thus, the process was very confusing for her.  Cook confirmed that the signature at the bottom of the

---

[2] On June 30, 2015, the Court received Cook's *Pro Se Objection to Settlement Agreement* (Doc. 79) that was placed in the mail on June 26, 2015.  One June 29, 2015 Defendants filed their pending *Motion to Dismiss* (Doc. 78), prior to receiving Cook's pro se objection.

[3] Defendants' also cite to previous difficulties in this case with regard to Plaintiff complying with orders of this Court.

settlement agreement was her authentic signature. When questioned about what her understanding was at the time she signed the document, she agreed that she understood signing the settlement agreement meant the case would be settled and over.

However, Cook testified that shortly after the mediation she felt that something "was not right," and she no longer wanted to settle the case. Cook felt that

> after giving it a lot of thought, that justice had not been done and it happened so fast and I did not understand the whole process. It is my belief that during the mediation, the defense deliberately convinced my lawyer, through distortion and exaggeration of the evidence that [the defense] had, that the purpose of my leg brace was the same as that of a prosthetic leg, that I couldn't walk without it. But when in reality, my brace is for support and not function. At that [inaudible] time, I felt my lawyer had relinquished his role as my agent when this evidence surfaced. And at that time using his position to exert undue influence on me and to tell me that we could not proceed any further without asking my opinion or telling me what my options or choices might be at that time. [. . .] As I said, I have never been in a mediation before, I have never been a part of a trial, I have never even been in a courtroom, and I don't understand my rights or the consequences if I did not sign that agreement, I didn't know what my consequences were. I panicked and I felt confused at the whole process.

Cook also stated that she felt the settlement agreement hinged on evidence she believes is irrelevant while other evidence was ignored, and she also felt cornered due to expert disclosures being stricken as a result of her lawyer's untimely filing. Cook said that her change of position on settling the case has "nothing to do with buyer's regret" or "revenge," but rather to afford to pay for the medical care and physical therapy for the rest of her life to provide a good quality of life that the amount offered in the settlement will not provide.

Settlement agreements may be reopened in the case of fraud, accident, mistake or

duress. *Id.* at 498-99 (fraud, accident, or mistake); *Jardine v. Jardine*, 918 So.2d 127 (Ala. Civ. App. 2005) (duress). Here, Cook avers that she was under duress throughout most of the mediation conference. For purposes of defending against putative contracts or settlement agreements in Alabama, "[d]uress is defined as subjecting a person to improper pressure which overcomes his will and coerces him to comply with demands to which he would not yield if acting as a free agent." *BSI Rentals, Inc. v. Wendt*, 893 So.2d 1184, 1189 (Ala. Civ. App. 2004) (quoting *Head v. Gadsden Civil Serv. Bd.*, 389 So.2d 516, 519 (Ala. Civ. App. 1980)).

Here, Cook claims that toward the end of the mediation conference she began to feel under duress. Cook testified that because she lacks familiarity with the legal process, she began to get confused. She also testified that she felt after Defendants presented new evidence, she felt her attorney was persuaded by distorted evidence and was no longer acting in her best interest. Similarly, Cook testified that due to two out of three of her expert witnesses, including her primary care physician, being excluded as a result of an untimely filing of expert disclosures, among other things, she felt pressured to settle the case because she was concerned about her chance of success with only one remaining expert. Cook further stated that she also changed her stance on settling the case because she feels she deserves justice, and to be able to afford her mounting medical bills as a result of the alleged negligence and breach of the standard of care.

It is clear to this Court that the facts asserted fail to rise to the level of "subjecting a person to improper pressure which overcomes his will and coerces him to comply with

demands to which he would not yield if acting as a free agent." *Id.* Cook has failed to submit any evidence that indicates that her counsel, Defendants' counsel, or the mediator, exerted such pressure as to overcome her will and thereby coerce her into signing the settlement agreement. Cook's assertions that she became confused, became dissatisfied with her counsel's representation, and subsequently decided that the settlement was not fair, falls short of the duress or coercion contemplated in *Head*.

The Court is guided by "the principle that '(s)ettlement agreements are highly favored in the law and will be upheld whenever possible because they are a means of amicably resolving doubts and preventing lawsuits.'" *Pearson v. Ecological Sci. Corp.*, 522 F.2d 171, 176 (5th Cir. 1975) (quoting *D. H. Overmyer Co. v. Loflin*, 440 F.2d 1213, 1215 (5th Cir. 1971)). The Court credits Cook's testimony that she was fully aware that her attendance at the mediation conference was to determine whether the parties would be able to reach an agreement to settle the case, or whether the case would continue. Additionally, the Court credits Cook's testimony that at the time she signed the settlement agreement, she fully understood that its purpose was to settle the case and the case would be over.

Under Alabama law, valid settlement agreements are as binding on the parties as any other contract. *Billy Barnes Enters., Inc. v. Williams*, 982 So.2d 494, 498 (Ala. 2007). The Court finds that Cook entered into a valid and binding contract. Thus, it is the recommendation of the undersigned Magistrate Judge, that the settlement agreement

be enforced, and the parties comply with the previously ordered submission of a joint stipulation of dismissal.

**B.      Motion to Withdraw**

Upon receipt of Cooks' *Pro Se Objection to Settlement Agreement* (Doc. 79), in which she expresses her dissatisfaction with her counsel's service, Plaintiff's counsel filed a motion to withdraw requesting that they be allowed to withdraw as counsel. *See* Doc. 81. Subsequently, Plaintiff's counsel filed a supplement to their motion indicating that Cook consents to the motion to withdraw, and she confirmed as much during the hearing. *See* Doc. 82. Defendants do not oppose the motion.[4] *See* Doc. 86. Thus, the Court recommends that Plaintiff counsel's motion to withdraw be granted, and Cook be given thirty (30) days to seek new counsel for any issues that may remain.

## V.      CONCLUSION

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge as follows:

(1)     Plaintiff's *Pro Se Objection to Settlement Agreement* (Doc. 79) be and is hereby **OVERRULED**, and the May 1, 2015 settlement agreement be and is hereby enforceable as a valid and binding contract;

(2)     Within fourteen days of the date of this order, the parties shall file a joint

---

4 Although Defendants do not object to Plaintiff counsel's motion to withdraw procedurally, Defendants did express concern regarding the effect the withdrawal may have on previously entered sanctions. The Court is not aware of any binding precedent that stands for the notion that a motion to withdraw as attorney voids previously entered sanctions, including both those placed on the party and those placed on counsel. Therefore, any monetary sanctions placed on Plaintiff's counsel are still enforceable, and any procedural sanctions placed on the Plaintiff shall carry forward.

        stipulation of dismissal in accordance with Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure;

(3)     Defendants' *Motion to Dismiss* (Doc. 78) be and is hereby **DENIED** as moot;

(4)     Plaintiff counsel's *Motion to Withdraw as Attorney* (Doc. 81) be and is hereby **GRANTED**; and

(5)     Within seven (7) days of the date of this order counsel for Plaintiff shall file a Notice containing Plaintiff Lorraine Cook's address for service.

It is further **ORDERED** that the parties are **DIRECTED** to file any objections to this Recommendation on or before **August 25, 2015.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as

binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 11th day of August, 2015.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE