IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LORRAINE COOK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:14-CV-296-WKW |
| ) | [WO] |
| THE HUGHSTON CLINIC, P.C, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**

On August 11, 2015, the Magistrate Judge filed a Recommendation based upon a referral pursuant to 28 U.S.C. § 636. The Magistrate Judge concludes that the parties entered into a valid and enforceable settlement agreement, that Defendants' motion to dismiss be denied as moot, and that counsel for Plaintiff's motion to withdraw be granted. (Doc. # 91.) Plaintiff Lorraine Cook filed a timely Objection (Doc. # 95), and Defendants The Hughston Clinic, P.C., and Fred C. Flandry (collectively "Flandry") also filed a timely Objection (Doc. # 96). After *de novo* consideration of those portions of the Recommendation to which the parties object in light of the record, the applicable law, and the arguments, the court finds that the Recommendation is due to be rejected as moot, the objections (Docs. # 95, 96) are due to be sustained in part and overruled in part, Defendants' Motion to Dismiss (Doc. # 78) is due to be denied, and that the motion to withdraw submitted by counsel for Plaintiff is due to be granted.

## I.  STANDARD OF REVIEW

A party's timely written objections to a magistrate judge's report and recommendation require this court's *de novo* review of those portions of the report to which the party objects.  *See* 28 U.S.C. § 636(b).  After completing its review, the court may accept, reject, or modify the report, in whole or in part.  *See id.*

## II.  BACKGROUND

On April 15, 2015, at the parties' request, the court ordered mediation of this case.  (Docs. # 72 & 73.)  Mediation resulted in a written agreement, which the parties signed and dated.  (Doc. # 93, at 3–4.)  After mediation, the parties informed the court on June 8, 2015, that they had reached a settlement agreement, and the court ordered the parties to file a joint stipulation of dismissal by June 19, 2015.  (Doc. # 75.)  Subsequently, Plaintiff filed a motion to extend the deadline to file the joint stipulation (Doc. # 76), which was granted to June 26, 2015 (Doc. # 77).

Plaintiff did not file the joint stipulation, but instead sent a *pro se* letter to the court objecting to the settlement agreement.  In her letter, which was entered into the record on June 30, 2015, Plaintiff claimed she was "unhappy with [her] lawyer's services" and that she was "basically forced to sign" the settlement agreement.  (Doc. # 79.)  Also, on June 30, 2015, Defendants filed a motion to dismiss (Doc. # 78) based upon Plaintiff's failure to file the joint stipulation of

dismissal.[1]  Plaintiff's attorneys filed a motion to withdraw as counsel of record (Doc. # 81) on July 6, 2015.  Plaintiff's *pro se* objection to the settlement (Doc. # 79), Defendants' motion to dismiss (Doc. # 78), and the motion to withdraw (Doc. # 81)[2] were referred to the Magistrate Judge for further proceedings and determination or recommendation.  (Doc. # 83.)

The Magistrate Judge held a hearing on the matters and decided that, because the motion to dismiss was based upon Plaintiff's "failure to honor the settlement agreement and comply with the Court's order to submit the [parties'] joint stipulation of dismissal," that he should determine whether the settlement agreement was enforceable.  (Doc. # 91, at 5.)  At the hearing, the Magistrate Judge heard oral argument and Plaintiff's testimony concerning the circumstances surrounding her signing of the settlement agreement.

In the Recommendation, the Magistrate Judge ruled that Plaintiff failed to establish that her counsel, Defendants' counsel, or the mediator "exerted such pressure as to overcome her will and thereby coerce her into signing the settlement agreement."  (Doc. # 91.)  Finding insufficient evidence of duress, the Magistrate Judge concluded that the settlement agreement was valid and binding and should

---

[1] The *pro se* letter was received on June 26, 2015, but not entered into the record until June 30, 2015.  Defendants filed the Motion to Dismiss prior to being served Plaintiff's *pro se* objection.

[2] The Magistrate Judge recommends that the court grant the motion to withdraw.  As neither party objects to this recommendation, the motion to withdraw will be granted without further discussion.

be enforced. He recommended that Plaintiff's *pro se* objection (Doc. # 79) be overruled, Defendants' motion to dismiss (Doc. # 78) be denied as moot, and that the parties be required to submit a joint stipulation of dismissal. (Doc. # 91.) Both parties have objected to portions of the Recommendation.

## III.  DISCUSSION

A.  **The Valdity of the Settlement Agreement**

The parties' objections align in that, oddly, contrary to the Recommendation, neither Plaintiff nor Defendants contend that the parties ever entered into a valid and enforceable agreement that settled this case. If there was one, Defendants argue alternatively, among other things, that the parties by mutual consent have rescinded that agreement. Defendants' alternative argument is persuasive. Accordingly, for the reasons that follow, it is not necessary to address the Recommendation's finding that there was a valid and enforceable settlement agreement. Assuming *arguendo* that the settlement agreement initially was valid and enforceable, the court finds that based upon the conduct of the parties, they mutually rescinded the contract.[3]

---

[3] Defendants assert several arguments against the enforcement of the settlement agreement. Those arguments include that Plaintiff was under duress, that no party is seeking enforcement of the agreement, that the agreement has been rescinded, that Plaintiff repudiated the agreement, that the agreement cannot be enforced due to a change in circumstances that has made performance impracticable, and that the agreement is voidable at Dr. Flandry's option. It is not necessary for the court to reach all the arguments because one is dispositive, namely, that any agreement between the parties has been rescinded.

Under Alabama law, a settlement "agreement may be set aside upon any ground that would warrant rescission of a contract." *Nero v. Material Sales Co.*, 340 So. 2d 454, 456 (Ala. Civ. App. 1976). "[A] contract may be rescinded or discharged by acts or conduct of the parties inconsistent with the continued existence of the contract and mutual assent to abandon a contract may be inferred from the attendant circumstances and conduct of the parties." *San-Ann Serv. Inc. v. Bedingfield*, 293 So. 2d 374, 472 (Ala. 1974). In order "[t]o rescind a contract, however, the minds of the parties thereto must meet in an agreement or mutual release fully settling all rights under the contract." *Id.* at 473. "'The effect of setting aside the compromise is to place the parties in the original position; and all rights which are transferred, released, or created by the agreement are revested, restored, or discharged by the avoidance.'" *Coaker v. Wash. Cnty. Bd. of Educ.*, 646 So. 2d 38, 43 (Ala. Civ. App. 1993) (quoting 15A C.J.S. *Compromise & Settlement* § 43 (1967)).

Applying the foregoing principles, the court finds that the parties mutually have abandoned any settlement agreement. Plaintiff first objected to the agreement in her *pro se* letter (Doc. # 79) and reasserted her opposition by filing an objection to the Recommendation. (Doc. # 95.) She also failed to sign the release and return it to Defendants' counsel and failed to file the joint stipulation of dismissal. (Doc. # 96, at 14.) In their objection to the Recommendation, Defendants likewise have made it clear that they have no desire for any settlement agreement to be enforced,

5

as all their arguments are against enforceability of the agreement. Additionally, Defendants' counsel submitted an email to Plaintiff's counsel, stating that, if Plaintiff did not deliver an executed release to Defendants' counsel by 5:00 p.m. on June 25, 2015, then "all bets are off and our settlement agreement will not be applicable." (Doc. # 96, Ex. A.)

Both Plaintiff's and Defendants' words and actions are inconsistent with the continued existence of the settlement agreement. Even if it is assumed that the settlement agreement was valid and binding on the date on which it was signed, the record demonstrates that the parties have since mutually rescinded the agreement so that it is no longer enforceable. Accordingly, based upon the rescission of the settlement agreement, the parties are restored to their respective litigation positions prior to the mediation. *See Coaker*, 646 So. 2d at 43.

B. **Defendants' Motion to Dismiss**

Defendants' motion to dismiss this action with prejudice is based solely upon Plaintiff's failure to file the joint stipulation of dismissal by the court-imposed deadlines and is not a motion to enforce the settlement agreement. Accordingly, Defendants' motion is tantamount to one requesting that sanctions be imposed against Plaintiff for not following a court order. (Doc. # 78.) A court should not dismiss an action with prejudice unless "there is a clear record of delay or willful contempt." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (citation and internal quotation marks omitted). While it is within the court's

discretion to dismiss an action for failure to follow a court order, dismissal with prejudice is a harsh sanction and, thus, is considered "a sanction of last resort." *Id.*

Although Plaintiff failed to comply with the extended June 26, 2015 deadline for filing a joint stipulation of dismissal, the court finds that the circumstances surrounding her failure do not rise to the level of a clear record of delay or willful contempt. Plaintiff did not blatantly ignore the original deadline for filing the joint stipulation of dismissal, but instead timely moved for an unopposed extension of the deadline. She also was cognizant of the new deadline, and, rather than disregard it entirely, Plaintiff, whose counsel were contemplating withdrawing as counsel, filed a *pro se* objection to the settlement agreement on June 26. These is not a clear record to support a finding that Plaintiff's requested extension, which Defendants did not oppose, and Plaintiff's filing of an objection to the settlement agreement, rather than a joint stipulation of dismissal, amounts to a clear record of delay. The totality of the circumstances mitigates against imposing the harsh sanction of dismissal with prejudice, particularly when the joint stipulation would have resulted in the dismissal of her case based on a settlement agreement that ultimately both parties would reject. For these reasons, Defendants' motion to dismiss (Doc. # 78) is due to be denied.

C. **Defendants' Motion for Sanctions**

There is a final matter to address. At the hearing held on July 28, 2015, Defendants also moved in open court for other sanctions under Federal Rule of

Civil Procedure 37. (Doc. # 93, at 36.) The Recommendation did not address this motion; therefore, the oral motion for sanctions will be referred to the Magistrate Judge for further proceedings.

## IV. CONCLUSION

Accordingly, it is ORDERED as follows:

1. Plaintiff's *Pro Se* Objection to the Settlement (Doc. # 79), Plaintiff's Objection to the Recommendation (Doc. # 95), and Defendants' Objection to the Recommendation (Doc. # 96) are SUSTAINED to the extent that the settlement agreement, assuming that it was valid and enforceable when signed, will not be enforced because it was rescinded.

2. The Recommendation (Doc. # 91) is REJECTED as moot.

3. Defendants' motion to dismiss (Doc. # 78) is DENIED.

4. Plaintiff's counsel's motion to withdraw (Doc. # 81) is GRANTED.

5. Plaintiff has until **November 16, 2015**, to find new counsel and to have said counsel make an appearance in this matter, or to state in writing to this court her intention to represent herself as a *pro se* plaintiff. Failure of Plaintiff to comply with this directive may result in the dismissal of her case.

6. This action is STAYED until further order of the court with the exception that Defendants' oral motion for sanctions is REFERRED to the Magistrate Judge Moorer pursuant to 28 U.S.C. § 636.

7. The Clerk of the Court is DIRECTED to furnish this Order to Plaintiff at the address on file with the court.

DONE this 15th day of October, 2015.

/s/ W. Keith Watkins<br>CHIEF UNITED STATES DISTRICT JUDGE